The declaration was filed in debt on the recognizance of James Green, sheriff of Kent county; without assigning breaches or suggesting them.
The defendant pleaded in abatement that the recognizance of the sheriff is in the Superior Court of Kent county, before which only the cause of action can be heard.
The question was, whether the action of debt on a sheriff's recognizance is local or transitory; whether a party is obliged to sue the sheriff in the county where he gives recognizance.
It appeared by an affidavit filed in this cause, that the cause of action actually accrued in New Castle county, being for money collected by the sheriff of Kent county, on an execution issued from this court in New Castle county to levy money.
Mr. Rodney argued, that by the Constitution, (art. 6, sec. 11,) this court has jurisdiction throughout the State, and issues its process and entertains jurisdiction accordingly; that a recognizance is not a judgment, but a conditional lien; a copy of the recognizance is evidence all over the State; and that though a scire facias on a judgment or a recognizance might be otherwise, an action of debt may well be sustained in any county. He cited 6 Cowen Rep., 397.
Mr. Bates, jr. — The recognizance is taken under the provisions of the law, which makes it a record of the court where it is taken. It can have no existence as a recognizance elsewhere. It is for the faithful performance of his duties as sheriff of that county; the breach of it must take place there, for he can only act there as sheriff. Neither the matter of record, nor matters in pais
constituting the breach, can arise out of the county. Can the suit be instituted elsewhere? The constitution by making the jurisdiction of this court commensurate with the State, cannot be held to abolish the distinction between local and transitory actions; or the effect would be to reduce the State to one judicial district. The purpose for which the jurisdiction is over the State, is to send process to any county; but still the action must be brought in the proper county. *Page 271 
Originally all actions were local; by a fiction certain actions become the subject of a suit in one place, when the cause of action arises elsewhere.
A transitory action is one which has no connection or dependence on any local matter, but may follow the person every where. Why is an action on a promissory note transitory? It seeks no local object, and has no local origin. Why is an action of ejectment local? Because it is a cause of action that can arise in only one place. So in an action founded on the breach of a local custom; or an action against a person in respect to a duty having reference to a particular place.
The mode of introducing transitory actions proves this. It was not done by extending the jurisdiction or cognizance of the court to the cause of action, but by a fiction suggesting the origin of the subject of the action within the county. (1 Smith's Lead. Ca., 363, Moysten vs.Fabrigas.) To what class of cases could that fiction have applied but to causes of action having no local existence, but which might arise any where. Unless this is the test, it abolishes all distinction between local and transitory actions. If an action on a sheriff's recognizance, where the obligation and the breach are both confined to the county, can be brought elsewhere and the cause of action held transitory, what case is there which may not be equally so? (1 Comyn's Dig., tit. Action, N., 5, 11, 12; 1 Tidd's Pr., 427; 1 Chitty Pl., 268.) The sheriff cannot be liable on his recognizance for any act done out of Kent county. But all actions on recognizances are local. (2 Steph. N. P., 1181; 2 Saund. Pl. Ev., 270; 1 Chitty Pl., 268; 2 Salk. 564; 5 East Rep., 461; 4 Com. LawRep., 61.) Debt upon a judgment is an exception. The liability under the judgment is general. The original cause of action may have been general. As to a foreign judgment, it is only evidence of the debt prima facie. An action on recognizance of bail is local; an action on a bail bond transitory; because the bail bond may be assigned any where; and the action is on the assignment. (1 Saund., 74, a 1.)
Mr. Rodney, in reply. — What are local actions? Ejectment, trespass qua. clau. fregit, waste, and other actions connected with land. All others are transitory. It does not follow because a suit might not be brought on a sheriff's recognizance out of the State, that it may not be brought in any county of the State. Official obligations under our laws must be judged of by those laws. *Page 272 
Thus administration and guardian bonds may be sued in any county, though not out of the State. A copy of the record of a recognizance is evidence. Why that provision, if it may not be sued upon out of the county? Actions against certain officers in England are local; but it is by statute, otherwise they would be transitory. (Tidd's Prac., 431;Stat. 21, Jac. 1.)
The law authorizes the issuing process from here to the sheriff of the other counties, and they are bound to return their doings thereon to this court. May not obedience to such process be enforced by an action in this court?
 Judgment of respondeat ouster.